UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GREAT AMERICAN INSURANCE
COMPANY, *as subrogee for Vectren
Corporation*,

    Plaintiff,

v.

NEXTDAY NETWORK HARDWARE
CORP., DONALD BANYONG,
MEGHAN P. McCOY, ANTHONY NGO and
JOHN/JANE DOES 1 through 10,

    Defendants.

Civil Action No. TDC-14-1451

**MEMORANDUM ORDER**

Plaintiff Great American Insurance Company ("Great American"), as subrogee for Vectren Corporation ("Vectren"), brought this conversion action against Defendants alleging that they sold information technology ("IT") equipment that they knew had been stolen from Vectren by Christopher Crowe, a former Vectren employee. *See* ECF No. 1. Presently pending is Defendants' Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) ("Motion to Dismiss"). ECF No. 24. The Motion is ripe for disposition, and no hearing is necessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion to Dismiss is DENIED.

**BACKGROUND**[1]

Great American has filed suit against Defendants seeking $669,338.05 for the conversion of stolen IT equipment that Defendants purchased from Crowe. Great American alleges that,

---

[1] Additional facts are set forth in the Court's December 23, 2014 Memorandum Opinion on Defendants' first Motion to Dismiss, ECF No. 13.

after purchasing the stolen equipment from Crowe, Defendants sold the equipment for profit, even though law enforcement alerted Defendants that the equipment was stolen. On May 29, 2014, Crowe pled guilty to theft in the Superior Court for Vanderburgh County, Indiana. Following his conviction, Crowe was ordered to pay $669,338.05 in restitution to Great American. Crowe made an initial payment of $51,827.00, and is required to make weekly payments of $50.00 to the clerk of the court, which are then periodically disbursed to Great American. As of the filing of the Motion to Dismiss, more than $617,000 of the restitution order remains unsatisfied.

## DISCUSSION

In the Motion to Dismiss, Defendants argue that Indiana Law, specifically Ind. Code Ann. § 35-50-5-3(e) (West 2015), bars Great American from pursuing damages in this action and thus deprives this Court of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Any party may raise a subject matter jurisdiction issue at any stage of the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Under Indiana law, a court can order a person convicted of a crime to pay restitution to the victim. Ind. Code Ann. § 35-50-5-3(a). Section 35-50-5-3(e)(1) provides that a restitution order "does not bar a civil action for . . . damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damage that is the basis of restitution ordered by the court." § 35-50-5-3(e). Citing this provision, Defendants argue that the restitution order bars any civil action for the same damages covered by the restitution order, and that the restitution order against Crowe must be given full effect in the present case under the Full Faith and Credit Act, which provides that "records and judicial proceedings . . . shall have the same full faith and credit in every court within the United States .

2

. . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Defendants claim that because the restitution order requires Crowe to pay $669,338.05, any damages incurred by Great American not covered by that amount would not reach the $75,000 threshold for federal diversity jurisdiction. 28 U.S.C. § 1332.

This argument fails. The plain language of Ind. Code Ann. § 35-50-5-3 makes clear that section 35-50-5-3(e) applies to lawsuits brought against the "person" ordered to pay restitution, which in the context of this section refers to the defendant. *See* Ind. Code Ann. § 35-50-5-3(a) (stating that the court may order "the person" to make restitution to the victim of the crime); § 35-50-5-3(e)(1) (referring to damages that the court did not require "the person" to pay under the restitution order). Defendants provide no authority for their interpretation that section 35-50-5-3(e) would apply to civil actions brought against any party other than "the person" ordered to pay restitution. The case upon which Defendants rely, *Kelley v. State*, 11 N.E.3d 973 (Ind. Ct. App. 2014), did not involve multiple tortfeasors. *See id.* at 974. Indeed, *Kelley* undermines Defendants' position. In *Kelley*, a victim injured by a drunk driver defendant was already the beneficiary of a criminal restitution order against the defendant when he brought a separate civil action against the same defendant, seeking damages from the same incident. Despite referencing section 35-50-5-3(e), the *Kelley* court did not preclude the civil action against the defendant, who was actually subject to the restitution order. *See id.* at 978–79. Thus, *Kelley* suggests that section 35-50-5-3(e) does not necessarily preclude civil actions even against the person subject to the restitution order, but rather allows restitution orders to be reduced if the victim recovers some or all of the loss in a subsequent civil action. *See id.* at 980 (concluding that the criminal

court had the discretion to grant the defendant a credit toward the restitution order in the amount of the settlement reached in the civil suit).[2]

Any other interpretation would lead to the absurd result that a joint tortfeasor would escape any liability simply because another joint tortfeasor had been convicted criminally and ordered to pay restitution. Indeed, the facts of this case, in which Crowe is paying restitution at the rate of $50 per month and in all likelihood will never fully pay the restitution, illustrate that the perverse effect of Defendants' interpretation would be that a criminal conviction and restitution order against a tortfeasor would actually penalize victims, by barring them from seeking financial recovery from joint tortfeasors with more resources.

Because Indiana's statute does not preclude a civil action against joint tortfeasors where one tortfeasor is subject to a restitution order, Defendants cannot shirk joint liability for their allegedly tortious acts simply because Crowe has been ordered to pay criminal restitution. Great American can therefore pursue its case in Maryland, where the "recovery of a judgment by the injured person against one joint tort-feasor does not discharge the other joint tort-feasor." Md. Code Ann., Cts. & Jud. Proc. § 3-1403 (West 2015).

---

[2] The other cases analyzed by the parties, *Haltom v. State*, 832 N.E.2d 969 (Ind. 2005), and *Lang v. State*, 911 N.E.2d 131 (Ind. Ct. App. 2009), are of limited value here because they involved situations where the victim received a civil settlement *before* the defendant was ordered to pay restitution. *See Haltom*, 832 N.E.2d at 971–72; *Lang*, 911 N.E.3d at 136–37.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss, ECF No. 24, is DENIED.

Date: October 2, 2015

THEODORE D. CHUANG
United States District Judge